IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| JESSE WAYNE SHOUPE, | CV 26–8–M–DWM |
| Plaintiff, | |
| vs. | ORDER |
| STATE OF MONTANA, MATT JENNINGS and MISSOULA COUNTY CLERK'S OFFICE, | |
| Defendants. | |

On January 8, 2026, Plaintiff Jesse Wayne Shoupe filed a civil rights complaint under 42 U.S.C. § 1983, alleging the State of Montana violated his constitutional double jeopardy right. (Doc. 2.) Following a prescreening review under 28 U.S.C. § 1915, Shoupe was given leave to amend his complaint to state a plausible claim for relief. (Doc. 9.) He subsequently filed a request to issue subpoenas, (Doc. 10), and an Amended Complaint, (Doc. 11). Because that amended pleading fails to identify specific conduct by individual, non-immune defendants, Shoupe once again fails to state a claim upon which relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). This matter is dismissed with no further leave to amend.

I. **Prescreening**

1

Because Shoupe is a prisoner proceeding in forma pauperis, his amended complaint must be reviewed anew under 28 U.S.C. § 1915. A court is required to dismiss a complaint filed in forma pauperis before the complaint is served if it: "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). "The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison*, 668 F.3d at 1112. To proceed on the merits, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Dismissal is appropriate "where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017) (internal quotation marks omitted). Pro se pleadings are construed liberally to "afford the petitioner the benefit of any doubt." *Watison*, 668 F.3d at 1112 (internal quotation marks omitted); *Mangiaracina v. Penzone*,

849 F.3d 1191, 1195 (9th Cir. 2017) ("We construe all facts in the light most favorable to the plaintiff, and we construe a pro se complaint liberally."); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice.").  However, liberal interpretation cannot supply the essential elements of a claim that were not pled. *Ivey v. Bd. of Regents of U. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

## II.    Analysis

Shoupe has named three defendants, the State of Montana, Missoula County Attorney Matt Jennings, and Missoula County Clerk's Office, alleging that his constitutional rights were violated in a criminal prosecution against him.  (*See* Doc. 11 at 4–5.)  Consistent with his prior pleading, Shoupe's primary allegation is that his double jeopardy rights were violated, specifically by County Attorney Jennings.  (*See id.*)  For relief, Shoupe seeks damages in the amount of $324,000.00 for lost wages and the deprivation of his rights.  (*Id.* at 6.)  Liberally construed, Shoupe's Amended Complaint can be read as attempting to allege claims under 42 U.S.C. § 1983.  Section 1983 confers a tort remedy upon individuals "whose constitutional rights have been violated by state officials acting 'under color of' law." *Whalen v. McMullen*, 907 F.3d 1139, 1145 (9th Cir. 2018) (quoting 42 U.S.C. § 1983).  Consistently, "[t]o state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged

3

violation was committed by a person acting under the color of State law."
*Benavidez v. Cnty. of San Diego*, 993 F.3d 1134, 1144 (9th Cir. 2021) (internal
quotation marks omitted).  A plaintiff must also specifically identify the individual
actors involved in the deprivation of his rights and the specific actions that were
taken.  *See Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988)  ("A person deprives
another of a constitutional right, within the meaning of section 1983, if he does an
affirmative act, participates in another's affirmative acts, or omits to perform an act
which he is legally required to do that *causes* the deprivation of which the plaintiff
complains." (Internal quotation marks and alteration omitted)).  "The inquiry into
causation must be individualized and focus on the duties and responsibilities of
each individual defendant whose acts or omissions are alleged to have caused a
constitutional deprivation." *Id.*

Here, Shoupe has identified only one individual defendant: County Attorney
Jennings.  He alleges Jennings made fraudulent statements to the court, perjured
himself, improperly colluded with the court, and violated Shoupe's double
jeopardy rights.  However, all these allegations arise out of Jennings' role as the
prosecuting attorney in the case.  "[A] prosecutor enjoys absolute immunity from
[§] 1983 suits for damages when he acts within the scope of his prosecutorial
duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *see also id.* at 430–31.
This is so even if the prosecutor has violated a plaintiff's constitutional rights or

acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Courts use a "functional approach" to "decide whether absolute immunity attaches to a particular kind of prosecutorial activity." *Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009); *see Burns v. Reed*, 500 U.S. 478, 486 (1991). The focus is therefore on "the nature of the function performed, not the identity of the actor who performed it." *Forrester v. White*, 484 U.S. 219, 229 (1988). "To qualify as advocacy, an act must be 'intimately associated with the judicial phase of the criminal process.'" *Genzler*, 410 F.3d at 637 (quoting *Imbler*, 424 U.S. at 430). Consistently, such immunity has been found "when a prosecutor prepares to initiate a judicial proceeding or appears in court to present evidence in support of a search warrant application." *Van de Kamp*, 555 U.S. at 343 (internal citations omitted). Such immunity applies to the conduct alleged here.

His claim against the other two defendants likewise fails. As explained in this Court's previous order, the State of Montana is immune from suit under the Eleventh Amendment. (Doc. 9 at 5–6.) Finally, as it relates to the Missoula County Clerk's Office, Shoupe has not identified any specific, individual actions by that office that resulted in a constitutional violation.

Shoupe's failure to identify specific conduct by individual, non-immune defendants once again dooms his § 1983 claim.  Because Shoupe has already been given an opportunity to amend, this matter is dismissed with prejudice.

## III.   Conclusion

Based on the above, Shoupe fails to state any viable claims under § 1983. Accordingly, IT IS ORDERED that:

1.  Shoupe's Amended Complaint is DISMISSED WITH PREJUDICE. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

2.  Shoup's motion to subpoena objects and witnesses (Doc. 10) is DENIED as MOOT.

2.  The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.

DATED this 10th day of March, 2026.

Donald W. Molloy, District Judge
United States District Court

6